IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JOHN D. DEANE<br>*Plaintiff*<br><br>**-V-**<br><br>LEXISNEXIS RISK SOLUTIONS INC.<br>*Defendant* | **COMPLAINT FOR A CIVIL CASE AND DEMAND FOR JURY TRIAL**<br><br>Civil No. __________________ |

Plaintiff John D. Deane, by and through his own representation, brings this action against Defendant LexisNexis Risk Solutions Inc. for its willful and negligent violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 et seq., and in support thereof states as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff John D. Deane is a natural person and an individual consumer residing at 1049 Denmark Road, Denmark, Cumberland County, Maine 04022.
2. Defendant LexisNexis Risk Solutions Inc. ("LexisNexis") is a Georgia corporation with its principal place of business at 1000 Alderman Drive, Alpharetta, GA 30005. At all times relevant to this complaint, LexisNexis has operated as a "consumer reporting agency" ("CRA") as defined by 15 U.S.C. § 1681a(f), regularly engaging in the business of assembling and evaluating consumer credit and other information on consumers for the purpose of furnishing consumer reports to third parties. LexisNexis conducts substantial business throughout the United States, including within the District of Maine.

3. This Court has federal question subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331, as this action arises under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq.
4. Venue is proper in the District of Maine pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district. Specifically: Plaintiff resides in Maine; the false consumer report was mailed to Plaintiff in Maine; Defendant's reinvestigation deadlines began running upon its receipt of Plaintiff's dispute; Plaintiff has suffered harm in Maine; and Plaintiff's mail was tampered with in Maine, a fact directly related to his identity theft claims and dispute.

**STATEMENT OF FACTS**

5. Plaintiff John D. Deane is a victim of identity theft. On May 14, 2026, Plaintiff filed an official Identity Theft Report with the Federal Trade Commission (FTC Report #201447980).
6. Plaintiff has also been the victim of mail tampering and has an active complaint on file with the United States Postal Service Office of Inspector General (USPS OIG Complaint #165920).
7. Plaintiff has documented his experiences with identity theft and mail anomalies in a sworn affidavit filed with the United States Bankruptcy Court for the District of Maine (Case No. 23-20165).
8. On June 27, 2026, Plaintiff sent a comprehensive FCRA dispute letter to LexisNexis via both first-class mail and certified mail. The dispute letter detailed dozens of inaccuracies in his LexisNexis consumer file, which was severely mixed and commingled with the data of one or more other individuals. Plaintiff demanded a reinvestigation, the deletion of all false data, and the immediate placement of an Identity Theft Alert, a Security Fraud Alert, and a Security Freeze on his file.

9. LexisNexis received and processed the first-class version of the dispute on July 10, 2026, opening Case No. 48474423 under Consumer No. 17433933.

10. On that same date, July 10, 2026, LexisNexis authenticated Plaintiff's identity sufficiently to: (a) place an Identity Theft Alert on his file; (b) place a Security Fraud Alert on his file; and (c) generate and mail to Plaintiff a 94-page consumer disclosure report in which LexisNexis had flagged dozens of false records as "under dispute."

11. The July 10, 2026, consumer report explicitly stated that there was **NO** active Security Freeze on Plaintiff's file.

12. The false data flagged as "under dispute" by LexisNexis included, but was not limited to: name variations Plaintiff has never used; residential addresses in Connecticut, Virginia, and Florida where Plaintiff has never resided; phone numbers Plaintiff has never owned; email addresses belonging to other individuals, including one for a female (christypatte@outlook.com); vehicles Plaintiff has never owned; insurance policies Plaintiff has never held; a Connecticut fishing license Plaintiff never obtained; and numerous online marketing opt-in records for payday loan and gift card websites Plaintiff has never visited.

13. On July 20, 2026, Plaintiff received a packet containing six separate letters from LexisNexis, all dated July 10, 2026. In a direct contradiction of its own actions, two of these letters (Case Nos. 48475383 and 48475393) falsely claimed that LexisNexis was "unable to authenticate" Plaintiff's identity and therefore could not provide him with details of the investigation.

14. The July 20, 2026, packet also contained two unsolicited "Direct Marketing Opt-Out" confirmations (Case Nos. 48488723 and 48488803) that Plaintiff never requested. These followed an earlier anomalous SageStream Opt-Out denial (Salesforce Case 07023589)

Plaintiff had received, bringing the total number of known unauthorized, phantom requests processed by LexisNexis under Plaintiff's identity to three.

15. On August 18, 2026, Plaintiff received two additional letters from LexisNexis (Case Nos. 52728963 and 52864993), again claiming an inability to authenticate his identity and demanding that he mail additional sensitive documents to Defendant.

16. Pursuant to 15 U.S.C. § 1681i(a)(1)(A), LexisNexis had 30 days from its July 10, 2026, receipt and processing of the dispute to complete its reinvestigation. That statutory deadline expired on **August 9, 2026**.

17. LexisNexis failed to complete the reinvestigation by the August 9, 2026 deadline. It failed to delete the unverified inaccurate information from Plaintiff's file. It further failed to provide Plaintiff with the mandatory written notice of the results of its reinvestigation as required by § 1681i(a)(6)(A).

18. On August 18, 2026, Plaintiff sent a Final Notice Letter to LexisNexis via facsimile and certified mail, detailing the statutory violations and demanding a cure by August 25, 2026.

19. The August 25, 2026, deadline has expired. LexisNexis has failed to respond and has not cured its violations.

20. To date, LexisNexis has also willfully failed to place a Security Freeze on Plaintiff's file as required by 15 U.S.C. § 1681c-1, despite receiving Plaintiff's explicit written demand and his official FTC Identity Theft Report.

21. Plaintiff has established a clear authentication protocol for his formal correspondence, using distinctive parchment-style paper and a personalized letterhead for all letters sent to CRAs, creditors, and courts. This protocol serves as definitive evidence that any communication purporting to be from Plaintiff that does not bear this distinctive paper

and letterhead is fraudulent, confirming that the three phantom opt-out requests did not originate from Plaintiff.

## CAUSES OF ACTION

### COUNT I: Willful Noncompliance with the Fair Credit Reporting Act (15 U.S.C. § 1681n)

22. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

23. LexisNexis is a CRA subject to the requirements of the FCRA.

24. LexisNexis willfully failed to comply with multiple requirements of the FCRA with respect to Plaintiff. "Willfully" under the FCRA includes not only knowing violations but also reckless disregard of statutory duties.

25. LexisNexis's willful violations include, but are not limited to, the following: (a) **Failure to Complete a Reasonable Reinvestigation within 30 Days (§ 1681i(a)(1)(A)):** LexisNexis failed to complete its reinvestigation into the dozens of disputed inaccuracies by the statutory deadline of August 9, 2026. (b) **Failure to Delete Unverified Inaccurate Information (§ 1681i(a)(5)(A)):** Upon the expiration of the 30-day reinvestigation period, LexisNexis was statutorily required to promptly delete all disputed information that it had not verified. It failed to do so and continues to report the false data. (c) **Failure to Provide Written Notice of Reinvestigation Results (§ 1681i(a)(6)(A)):** LexisNexis failed to provide Plaintiff with the mandatory written notice of the results of its reinvestigation. (d) **Failure to Place a Security Freeze (§ 1681c-1):** LexisNexis willfully failed to place a Security Freeze on Plaintiff's file despite receiving a proper request accompanied by his FTC Identity Theft Report. (e) **Failure to Maintain Reasonable Procedures to Assure Maximum Possible Accuracy (§ 1681e(b)):** The existence of a severely mixed file containing facially impossible data (e.g., a DOB of "0"), coupled with LexisNexis's processing of three fraudulent,

unauthorized opt-out requests under Plaintiff's identity, demonstrates a complete failure of its procedures to ensure accuracy.

26. LexisNexis's conduct—including its bad-faith and contradictory claims of being "unable to authenticate" Plaintiff as a pretext to avoid its statutory duties—demonstrates a reckless disregard for the law and Plaintiff's rights. A reasonable jury can find such conduct to be willful when a CRA fails to address glaring discrepancies and statutory deadlines (*Jones v. Experian Information Solutions, Inc.*, 982 F. Supp. 2d 268 (S.D.N.Y. 2013)). A CRA cannot satisfy its duties by simply "parroting information" or relying on broken automated systems (*Beseke v. Equifax Information Services LLC*, No. 17-cv-5296 (D. Minn. 2019)). Defendant's duty to maintain reasonable procedures is heightened in the face of a mixed-file dispute (*FTC v. TRW Inc.*, 784 F. Supp. 361 (N.D. Tex. 1991)).

27. As a direct and proximate result of LexisNexis's willful violations, Plaintiff has suffered damages.

**COUNT II: Negligent Noncompliance with the Fair Credit Reporting Act (15 U.S.C. § 1681o) (In the Alternative)**

28. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

29. In the alternative, should this Court find that Defendant's conduct was not willful, its actions and omissions constitute, at a minimum, negligent noncompliance with the requirements of the FCRA as set forth in Count I.

30. As a direct and proximate result of LexisNexis's negligent violations, Plaintiff has suffered actual damages.

**DAMAGES**

31. As a direct and proximate result of Defendant's willful violations of the FCRA, Plaintiff is entitled to recover damages pursuant to 15 U.S.C. § 1681n, including: (a) Statutory

damages of not less than $100.00 and not more than $1,000.00 for each willful violation of the Act; (b) Actual damages, including but not limited to, emotional distress, mental anguish, humiliation, injury to his reputation and creditworthiness, and the substantial time and effort expended in attempting to correct Defendant's errors and protect his identity. Courts have consistently held that actual damages under the FCRA include such non-economic harm (*Holmes v. Telecheck International, Inc.*, 556 F. Supp. 2d 819 (M.D. Tenn. 2008); *Francois v. Victory Auto Group LLC*, No. CV-20-00832 (S.D.N.Y. 2023); *Childers v. Rent-A-Center East, Inc.*, No. 2:23-cv-01442 (E.D. La. 2024)); (c) Such amount of punitive damages as the Court may allow; and (d) The costs of this action, together with reasonable attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff John D. Deane respectfully requests that this Court enter judgment in his favor and against Defendant LexisNexis Risk Solutions Inc. as follows:

A) For compensatory damages in an amount to be determined at trial;

B) For statutory damages of not less than $100.00 and not more than $1,000.00 for each willful violation of the FCRA, or such greater amount as the Court deems just;

C) For actual damages for emotional distress, mental anguish, reputational injury, and time and effort expended, in an amount to be determined at trial;

D) For punitive damages in an amount to be determined at trial;

E) For reasonable attorney's fees and the costs of this action;

F) For a permanent injunction requiring LexisNexis to: (a) immediately delete all false and inaccurate information from Plaintiff's consumer file; (b) correct all tradelines and data points to accurately reflect Plaintiff's identity; (c) immediately place a Security Freeze on

Plaintiff's file; and (d) provide Plaintiff with written confirmation that all corrective actions have been completed;

G) For pre-judgment and post-judgment interest as allowed by law; and

H) For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**VERIFICATION**

I, John D. Deane, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my personal knowledge, information, and belief.

Very respectfully submitted,

/s/ John D. Deane

John D. Deane

*Plaintiff, Pro Se*

1049 Denmark Road, Denmark, ME 04022

(207) 890-6438

john.d.deane@gmail.com

Dated this 26th day of August in the year 2026